**RAILROAD DYNAMICS, INC.**

v.

**A. STUCKI COMPANY.**

Civ. A. No. 76–800.

United States District Court, E.D. Pennsylvania.

April 30, 1986.

Raymond G. Hasley, Pittsburgh, Pa., for Stucki.

Richard D. Malmed, Philadelphia, Pa., for Schwam.

MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On April 29, 1983, this Court entered an Order staying execution of the previously

entered $2,182,986 judgment in favor of A. Stucki Company pending appeal to the Federal Circuit (Stay Order). This Court set forth in a Memorandum filed May 11, 1983 the reasons for the Court's discretionary determination to stay the execution of Stucki's judgment without requiring a bond in the full amount of judgment plus costs. The Stay Order was conditioned on Railroad Dynamics, Inc.'s (RDI) posting security in the amount of $1,100,000, taking all necessary steps to maintain the value of its assets, and allowing Stucki the right to inspect RDI's records. At the latest, the Stay Order terminated by its own terms on February 14, 1984 when the Court of Appeals for the Federal Circuit issued as a mandate its judgment affirming this Court's judgment in favor of Stucki.

On August 31, 1984, Stucki filed a motion pursuant to Fed.R.Civ.P. 11, 60(a), 62, and 64 "to clarify, modify, or amend the Order filed April 29, 1983." Stucki asserts that RDI's net worth declined during the period the Stay Order was in effect due to improper payments to attorneys and loans or salary payments to RDI's president, Stuart A. Schwam. Stucki further contends that RDI's filing of a petition in bankruptcy on March 16, 1984 was in bad faith, to delay and hinder payment of Stucki's judgment. Stucki's motion requests this Court to (a) declare Stucki the holder of a security interest in all of RDI's assets and/or the beneficiary of a constructive trust in RDI's assets; (b) declare that RDI's payments of attorney fees and loans/salaries to officers were not in the ordinary course of business; (c) declare RDI's filing of a petition in bankruptcy to have been in bad faith; and (d) enter judgment against RDI and the nonparties who allegedly converted the assets of RDI after April 29, 1983.

Stucki's allegations may have supported a motion for contempt or even a motion to have the Stay Order terminated to allow Stucki to proceed with execution. However, the Stay Order's purpose was fulfilled upon the Federal Circuit's affirmance of the judgment of this Court. Thus, there is no purpose which remains to be "clarified."

It is more accurate to describe Stucki's motion as a request for *reconsideration* of the April 29, 1983 Stay Order. As such, it is not only untimely but probably in violation of the automatic stay imposed by the pendency of RDI's petition in bankruptcy. *See* 11 U.S.C. § 362. On August 9, 1984, the bankruptcy court modified the automatic stay to permit this Court to compute additional damages due Stucki and any necessary clarification of this Court's prior Orders. The bankruptcy court's Order enabled this Court to enter an additional judgment of $607,730 in favor of Stucki for additional infringements not included in the prior judgment. Stucki's decision to title its present motion a motion for clarification is a fairly transparent attempt to fit within the bankruptcy court's previous modification of the automatic stay.

The Court has been advised that all of the issues and claims raised in Stucki's motion have been raised in the RDI bankruptcy proceedings. The bankruptcy court is the more appropriate forum for the determination of the issues relating to the nature of Stucki's interest as a judgment creditor and the recovery of improper payments by RDI.

In sum, it appears that the expiration of the Stay Order has rendered Stucki's motion for "clarification" of that Order moot. Furthermore, the relief requested by Stucki exceeds the scope of the bankruptcy court's order of August 9, 1984 modifying the automatic stay of 11 U.S.C. § 362. Stucki's motion will therefore be denied.